Overton, J.
delivered the following opinion of the court.
This was an ejectment for a tract of land. The plaintiff in making out his title produced a copy of a judgment, execution, and sheriff’s deed.
To the sheriffs deed marked C. exception was taken, and upon the correctness of this exception the court is to form an opinion.
After the judgment was obtained, a scire facias issued against the heirs, without specifying their names. Judgment was obtained against the heirs generally without naming them ; execution issued in the same manner. The lessorse of the plaintiff became, purchasers, and the sheriffs deed marked C. conveyed in like manner all the right, title, and interest of the heirs.
The circuit court decided this deed should not be read; there was a verdict for the defendant, and writ of error taken to this court.
On the part of the defendant, it has been insisted that the judgment was absolutely void and not merely voidable ; there is in fact no judgment. That the judgment is in rem, and consequently there existed no right to sell any property except the land levied on by the original attachment, on which the judgment was founded.
The land in contest is not the tract levied on by the original attachment; but one which was sold on a common writ of fi. fa. which issued on that judgment. The act 1794, c, 1, s. 21, was referred to.
On the part of the plaintiff in error it is insisted that the judgment of no court having competent jurisdiction of the subject matter, can be absolutely void, however erroneous its proceedings may be. For error, its proceedings may be reversed in due course of law ; until that be done, an erroneous judgment possesses equal validity with any other. Sheriffs and others who execute a void judgment are trespassers, but not so of one that is erroneous 2nd Guil. Ed. Bac. Ab. 451, 452.
But this judgment, it is admitted is not even erroneous, *274 for it was not necessary to specify the names of the heirs in the scire facias, and consequent proceedings, Lilly’s Ent 384, 2 Saund. Rep. 6, 7, 8. Cake’s Inst. 474, Com. Dig. tit sci. fa. L. 6, L. 9. 6 Bac. Ab. tit, sci fa. D.
The opinion of the court is clearly with the plaintiff in error, from the authorities produced. No reason can be advanced, why the heirs may not be inserted by description.— The reasoning applies to all proceedings where the law does not make personal service indispensible, as in proceedings according to the principles of the common law—Where that is required, as in original writs or Capias ad Respondendum, it is erroneous if the defendant be not named, unless he come in and by pleading waive any exception on that ground. That is not the case in this instance. Service of scire facias is good by return of two nihils. Why then be obliged to name heirs, when execution of the process can take place without personal service. In all such cases it would seem sufficient, if the persons sued are clearly made known by description of their representative characters. Where notice, in any other mode than personal service is authorised, it can as well be done by description as any other. As it respects the execution of judgments, it would be unreasonable to require, that the names of heirs should be inserted in the scire facias, and subsequent proceedings ; they might live abroad, in ether states, or foreign countries, and the plaintiff never have an opportunity of ascertaining their names, and therefore the judgment become fruitless. At all events its execution would become unnecessarily delayed.
The judgment is evidence of a debt; to be kept out of it in this way can never be reconcilable with the principles of justice. The representatives must at their peril take notice of unsatisfied judgments against the deceased.
The reasoning of the plaintiffs’ counsel respecting the validity of judgments, is believed to be correct.
When a judgmeent is recovered on an original attachment, a fi. fa. may issue as well as in any other case. Nor is there any distinction between such a judgment and any other, but this, that there is certain property bound by the original attachment, and continues a lien even after the judgment; upon which it is usual to take out an order of sale, instead of the common writ of fi. fa.
The party has an election to take this or any other writ of execution ; if he take another than the order of sale for the property attached, that property is released.
*275 Another reason given by the counsel for reversing, is, that the proceedings on the attachment might apparently be sufficient; and as the defendant claimed under a different title than the one that was sold, no way connected with the interest of the heirs, he should not be permitted to bring the heirs title into contest. It did not appear they were dissatisfied, and if they were not, the defendant had no right to complain. The court feels great force in this reasoning.
The judgment must be reversed and the sheriff’s deed received as evidence.